# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

PAUL N. FRIEDMAN,

                Plaintiff,

    v.

BORGATA HOTEL, CASINO & SPA,
MARINA DISTRICT DEVELOPMENT
COMPANY, LLC, CITY OF ATLANTIC
CITY, NEW JERSEY TRANSIT
CORPORATION, SARGENT ABRAM
HAMILTON, PATROL OFFICER
MCGEE, RAY RENNIE, OFFICER
FRANCO SYDNOR, OFFICER MARY
GRACE COOK, OFFICER SALVATORE
J. RANDO, JR., SECURITY
OFFICER CRABTREE,

                Defendants.

Civil No. 08-2986 (NLH)(JS)

**OPINION**

**APPEARANCES:**

Michael G. Donahue, Esquire
Stark & Stark
P.O. Box 5315
Princeton, NJ 08543
    *On behalf of plaintiff*

John J. Van Dyken, Esquire
Russell L. Lichtenstein, Esquire
Cooper, Levenson, April, Niedelman & Wagenheim, PA
1125 Atlantic Avenue
Third Floor
Atlantic City, NJ 08401-4891
    *On behalf of defendant Borgata Hotel, Casino & Spa, Marina*
    *District Development Company, LLC and Ray Rennie*

Anthony A. Swan, Esquire
City of Atlantic City
1301 Bacharach Boulevard
City Hall, Suite 406
Atlantic City, NJ 08401-4891

*On behalf of defendant City of Atlantic City*

Rahat N. Babar, Esquire
Department of Law & Public Safety
25 Market Street
P.O. Box 116
Trenton, NJ 08625
     *On behalf of defendants New Jersey Transit Corporation,*
     *Sargent Abram Hamilton, Patrol Officer McGee, Security*
     *Officer Crabtree*

A. Michael Barker, Esquire
Barker, Scott & Gelfand
Linwood Greene
210 New Road
Suite 12
Linwood, NJ 08221
     *On behalf of defendants Officer Franco Sydnor, Officer Mary*
     *Grace Cook, Officer Salvatore J. Rando, Jr.*

**HILLMAN, District Judge**

   This matter has come before the Court on the motion of
defendants Officer Franco Sydnor, Officer Mary Grace Cook, and
Officer Salvatore J. Rando, Jr. to dismiss plaintiff's civil
rights claims against them, or in the alternative, for a more
definite statement.  For the reasons set forth below, defendants'
motion will be granted in part and denied in part.

<u>**BACKGROUND**</u>

   On July 1, 2006, plaintiff Paul Friedman registered as a
guest at the Borgata Hotel, Casino & Spa in Atlantic City, New
Jersey.  After checking into his room, he and friends had dinner
at a restaurant in the hotel, and after dinner, he gambled in the

2

casino.  At dinner and while he was gambling, plaintiff was served and consumed alcohol.

During the course of the evening, plaintiff became visibly intoxicated.  At around 9:40 p.m., plaintiff was removed from the event center where he was attending a live musical performance and taken into custody by Borgata staff.  He was detained in a holding cell and handcuffed to the bench.  The Atlantic City Police Department was called, and officers Franco Sydnor, Mary Grace Cook, and Salvatore J. Rando, Jr. responded.  The Borgata staff asked the defendant officers to escort plaintiff from the property.  Plaintiff, who was visibly intoxicated, was placed in a patrol car and was given the option of getting a ride to the Atlantic City bus terminal or being arrested for trespass.

Apparently having chosen the first option, during the ride to the bus station, plaintiff, in his intoxicated state, removed his shirt and shoes.  Once they arrived at the station, defendant officers released plaintiff onto the sidewalk.  At that point, defendant New Jersey Transit Police officers refused to let plaintiff enter the terminal, and the Atlantic City police officers who had driven plaintiff there left him on the sidewalk outside the terminal.  Shortly thereafter, the defendant officers were summoned by two unidentified individuals who found plaintiff, still shirtless and shoeless, lying unconscious and

non-responsive in a nearby parking lot.  Plaintiff was transported to the Atlantic City Medical Center and admitted to the Intensive Care Unit.

Because of this incident, plaintiff has filed an eight-count complaint asserting various federal and state constitutional claims, as well as several state law claims against numerous defendants.  The defendant Atlantic City police officers have filed the instant motion to dismiss plaintiff's constitutional claims.  In the alternative, they request a more definite statement of plaintiff's claims.  Plaintiff has opposed their motion.

**DISCUSSION**

**I.   Jurisdiction**

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, as well as pursuant to the New Jersey constitution and New Jersey state law.  This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

**II.  Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded

4

allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the

5

pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).   The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).   If any other matters outside the pleadings are presented

6

to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

## III. __Analysis__

Plaintiff claims that the defendant officers violated his federal and state constitutional rights to be free from unreasonable seizure.  He also claims that his equal protection and due process rights were violated.  The defendant officers argue that even taking all of plaintiff's allegations as true, they are entitled to qualified immunity, and therefore, plaintiff's constitutional claims against them should be dismissed.  In the alternative, defendants argue that plaintiff should be ordered to file a more definite statement of the claims against them.

Plaintiff counters that his complaint adequately states a claim for the violations of his constitutional rights.[1] Specifically, plaintiff argues that his complaint pleads a state-created danger claim and an unreasonable seizure claim which are sufficient to survive a motion to dismiss.  Correspondingly,

---

[1]In his brief, plaintiff states that he withdraws his equal protection claim against these three defendants.

7

plaintiff argues that his complaint is sufficiently pled, and, thus, there is no need to provide a more definite statement.[2]

**A.   Motion to dismiss based on qualified immunity**

It is well known that 42 U.S.C. § 1983 creates a cause of action against those who, acting under color of law, violate an individual's constitutional rights.  The qualified immunity analysis provides the basis to determine whether a claim for a constitutional violation by a law enforcement officer is viable. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "Qualified immunity balances two important interests--the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  Pearson v. Callahan, 129 S. Ct. 808, 815 (2009).  The doctrine provides a government official immunity from suit rather than a mere defense from liability, and, thus, the issue of whether qualified

---

[2]Defendants/Cross-Claimants New Jersey Transit, Sergeant Abram Hamilton, and Officer Stephen McGee filed an opposition to defendant officers' motion, arguing that it is premature.

immunity applies should be decided at the earliest possible stage
in litigation.  Id.

In order to determine whether a government official is
entitled to qualified immunity, two questions are to be asked:
(1) has the plaintiff alleged or shown a violation of a
constitutional right, and (2) is the right at issue "clearly
established" at the time of the defendant's alleged misconduct?
Id. at 816.  These questions may be answered in order, but courts
are "permitted to exercise their sound discretion in deciding
which of the two prongs of the qualified immunity analysis should
be addressed first in light of the circumstances in the
particular case at hand."  Id. at 818 (receding from Saucier v.
Katz, 533 U.S. 194 (1998), which required the two questions to be
answered sequentially).  If the answer to either question is
"no," the analysis may end there.  See id. at 823 (finding that
because the unlawfulness of the officers' conduct was not clearly
established, the officers were entitled to qualified immunity,
without having to answer the question of whether the officers
violated the plaintiff's constitutional rights).

Here, there are two constitutional rights at issue: (1)
whether these officers created a danger that deprived plaintiff
of his due process rights of life and liberty ("state-created

danger" theory), and (2) whether plaintiff was subject to unreasonable seizure.[3]

**(1) State-created danger**

Even though the due process clause generally does not confer an affirmative right to governmental aid, a person may have a cause of action against the state or governmental actor if "state authority is affirmatively employed in a manner that injures a citizen or renders him 'more vulnerable to injury from another source than he or she would have been in the absence of state intervention.'" Bright v. Westmoreland County, 443 F.3d 276, 280 (3d Cir. 2006) (citing DeShaney v. Winnebago Cty. Soc. Servs. Dept., 489 U.S. 189 (1989) and quoting Schieber v. City of Philadelphia, 320 F.3d 409, 416 (3d Cir. 2003)).

---

[3]Plaintiff has asserted the same claims under the state constitution. Because the analysis of claims under state constitutional law is similar to the analysis under the Fourth Amendment, no separate analysis will be undertaken for claims arising under the New Jersey Constitution. See Hedges v. Musco, 204 F.3d 109, 121 (3d Cir. 2000) (granting defendants' motion for summary judgment on plaintiffs' claims under Article I, paragraph 7 of the New Jersey Constitution, because it was already established that there was no federal constitutional violation) (citing Desilets v. Clearview Regional Bd. of Educ., 627 A.2d 667, 673 (N.J. Super. Ct. App. Div. 1993) ("We are not persuaded that the New Jersey Constitution provides greater protection under the circumstances of this case than its federal counterpart. We note that in its *T.L.O.* opinion the New Jersey Supreme Court analyzed the search and seizure issue under the Fourth Amendment to the United States Constitution, and did not suggest that New Jersey's organic law imposed more stringent standards.")).

To state a meritorious "state-created danger" claim, a plaintiff must prove: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.  Id. (citations omitted).

Defendants argue that plaintiff has failed to plead facts that would support a state-created danger claim.  Specifically, defendants argue that plaintiff has failed to allege that they had actual knowledge or concrete awareness that leaving plaintiff at the Atlantic City bus terminal, which was patrolled by New Jersey Transit police officers, would later expose plaintiff to injury somewhere near the bus terminal.  Defendants further argue that plaintiff cannot meet the other three elements of the state-created danger test--defendants' actions do not shock the conscience, there was no special relationship, and plaintiff

11

cannot prove that there was a direct causal relationship between the alleged affirmative acts on their part and the plaintiff's unforeseen harm.  Consequently, defendants argue that because plaintiff cannot maintain a state-created danger claim, he has no valid constitutional violation claim, and they are therefore entitled to qualified immunity.

Defendants' arguments are unavailing at this motion-to-dismiss stage.  First, with regard to the first element, the Third Circuit has not yet clarified whether actual knowledge of a risk is required to establish deliberate indifference in a state-created danger claim.  Patrick v. Great Valley School Dist., 296 Fed. Appx. 258, 262 n.3 (3d Cir. 2008) (citing Sanford v. Stiles, 456 F.3d 298, 310 (3d Cir. 2006)("We leave to another day the question whether actual knowledge is required to meet the culpability requirement in state-created danger cases.  On the one hand, the Supreme Court has held that actual subjective knowledge of a risk is required for at least some Eighth Amendment claims.  However, the Court has also held that the 'obviousness' of a risk can be sufficient for liability in other cases. . . . [W]e have not addressed the question as it relates to underlying state-created danger claims[, and] [t]here is currently a divide among the circuits on this issue.").  Because the law is not clear as to the first element, plaintiff's

12

complaint cannot be dismissed based on the lack of an allegation that defendants had actual knowledge of the danger they were creating.

Second, plaintiff has pleaded sufficient facts that, if believed by a jury, could support that defendants' conduct "shocks the conscience." Whether a state actor's conduct shocks the conscience depends on the particular factual circumstances. Patrick v. Great Valley School Dist., 296 Fed. Appx. 258, 261 (3d Cir. 2008) (citations omitted). "When a state actor is in a high-pressure situation in which rapid decision-making is required, such as a high-speed car chase, the required mens rea will typically be intent-to-harm." Ye v. U.S., 484 F.3d 634, 639 (3d Cir. 2007). Where a state actor has the time to act deliberately and is not under pressure to make split-second decisions, "deliberate indifference is sufficient to support an allegation of culpability." Phillips v. County of Allegheny, 515 F.3d 224, 240 (3d Cir. 2008).

Here, plaintiff claims that the officers dropped him off on the sidewalk outside the bus terminal, extremely intoxicated, alone, at night, and without wearing his shirt or shoes, which he had removed in the patrol car. Plaintiff also claims that the defendant officers witnessed the New Jersey Transit police officers refuse to allow him into the bus terminal, but abandoned

13

him there anyway.  These allegations, if true, could be held to constitute deliberate indifference.[4]

Further, these allegations are also sufficient to prove the third and fourth elements of a state-created danger claim.  A reasonable jury could conclude, based on plaintiff's allegations alone, that he was a "foreseeable victim," and that "but for" defendants' actions, he would not have been injured.  Both of these elements are discussed in a case similar to the one here.  In Kneipp v. Tedder, 95 F.3d 1199, 1201 (3d Cir. 1996), a husband and wife brought a complaint against a city and its police officers, alleging that the officers caused the plaintiff harm when they detained her and her husband when they were walking down the street.  The officers allowed her husband to leave, but later on, when she was forced to walk home alone in an intoxicated state, she fell down an embankment, suffering brain damage.  Kneipp, 95 F.3d at 1201-02.  With regard to the third element, the court found that a reasonable jury could find the officer exerted sufficient control over the plaintiff to

---

[4]In the Third Circuit, deliberate indifference has been defined in the Eighth Amendment context with regard to prisoners' claims of deliberate indifference to a serious medical need.  In that context, deliberate indifference has been defined as more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).

14

establish the requisite relationship.  Id.  With regard to the fourth element, the court concluded that "a jury could find this element satisfied where officers used their authority to separate an intoxicated woman from her husband and send her home unescorted," and "but for the intervention of the police, [her husband] would have continued to escort [her] back to their apartment where she would have been safe."  Id.[5]

Taking plaintiff's allegations as true, defendants had control over him by placing him in a patrol car at the casino, and then driving him to the bus terminal, where he was dropped off at the curb.  Further, but for the defendants transporting plaintiff to the bus terminal, he would not have been left unconscious and non-responsive in a parking lot.[6]

---

[5]The court also found that a reasonable jury could conclude that the injury was foreseeable, and that a material issue existed over whether the officers acted in willful disregard of the plaintiff's safety.  Kneipp, 95 F.3d at 1209.

[6]Defendants argue that due to his level of intoxication, plaintiff would not have been better off had he remained at the hotel.  The Court notes that even though plaintiff may have ended up in the hospital in any event, being "unconscious and non-responsive" in a parking lot next to a bus terminal is not the same as being in that state at a luxury hotel, where plaintiff had a room. In any event, what might have happened to the plaintiff had he been left at the hotel is not really the issue at bar.  Plaintiff was allegedly removed, in essence involuntarily, from the hotel because he was highly intoxicated and therefore possibly dangerous to himself or others.  It is hard to understand how he could have been any less dangerous, or be in less danger, in the same condition on a public street.

Thus, even though facts gathered through discovery may alter the above analysis, plaintiff has pled enough facts in his complaint to be entitled to offer evidence to further support his state-created danger claim. <u>See</u> <u>Bell Atlantic v. Twombly</u>, 127 S. Ct. 1955, 1969 n.8 (2007); <u>see also</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) ("Stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.").[7] Moreover, even though qualified immunity should be decided at the earliest stage in the litigation, at this stage, and in this case, it is too early. Consequently, defendants' motion to dismiss must be denied.

**(2) Unreasonable seizure**

Defendants also argue that plaintiff's unreasonable seizure claim must be dismissed because his removal from the hotel was reasonable, and his removal was made pursuant to N.J.S.A. 5:12-

---

[7]Defendants also argue that even if it was to be held that they created a danger, they are entitled to qualified immunity because there was no clearly established law that would have put them on notice that leaving plaintiff at a bus terminal in the presence of other officers was a violation of his constitutional rights. Defendants do not support this argument with any basis in law, and just because there may be an absence of case law affirming such specific conduct, it does not make it constitutional. Stated differently, defendant as moving party has failed to demonstrate at this stage that there was no clearly established right to be free from a state-created danger after having been seized by the police. In fact, the existence of the <u>Kneipp</u> decision and deliberate indifference law suggest otherwise.

71.1, which recognizes the right of the casino to eject any person because he is intoxicated.  While there appears to be substantial merit to the defense that the initial removal of the plaintiff from the casino was objectively reasonable, this argument is unavailing at this stage of the proceedings.

First, the Casino Control Act, N.J.S.A. 5:12-1 to -210, is the codification of the "common law right [of a casino licensee] to exclude or eject permanently from its casino hotel any person who disrupts the operations of its premises, threatens the security of its premises or its occupants, or is disorderly or intoxicated."  This law is for the casino, and it does not provide permission for a city police department, otherwise acting unreasonably, to drive an intoxicated patron to the bus station and leave him there.

Second, whether defendants' seizure of plaintiff was reasonable is a determination that must be made by a jury, or on summary judgment when more facts have been gathered.  To state a claim for unreasonable seizure under the Fourth Amendment, a plaintiff must show that a seizure occurred and that it was unreasonable.[8]  Kopec v. Tate, 361 F.3d 772, 776-77 (3d Cir.

---

[8]Defendants also argue that because they would have had probable cause to arrest plaintiff for trespassing, their seizure, and any arrest, of plaintiff would not have been unreasonable.  Although this may be true--a warrantless arrest by

2004) (citations omitted).  The test of reasonableness under the
Fourth Amendment is whether under the totality of the
circumstances, "the officers' actions are 'objectively
reasonable' in light of the facts and circumstances confronting
them, without regard to their underlying intent or motivations."
Id. (citing Graham v. Connor, 490 U.S. 386, 397 (1989)).
"[R]easonableness under the Fourth Amendment should frequently
remain a question for the jury."  Id. (citation omitted).
However, "defendants can still win on summary judgment if the
district court concludes, after resolving all factual disputes in
favor of the plaintiff, that the officer's [seizure] was
objectively reasonable under the circumstances."  Id.

At this stage in the case, the Court cannot determine
whether the defendant officers were reasonable in their seizure
of plaintiff, because the only information the Court has to
consider is plaintiff's allegations in his complaint.  Although

_____

a law officer is reasonable under the Fourth Amendment where
there is probable cause to believe that a criminal offense has
been or is being committed, Devenpeck v. Alford, 543 U.S. 146,
152-53 (2004)--defendants did not arrest plaintiff for trespass.
Instead of arresting plaintiff and bringing him to the station,
they, according to plaintiff, dropped him off at a bus station,
only to be discovered unconscious in a parking lot moments later.
Whether their conduct was reasonable cannot be determined at this
motion-to-dismiss stage; however, simply because they had another
reasonable option does not cloak all their conduct in
reasonableness.

it seems questionable whether plaintiff can challenge the
reasonableness of the officers removing plaintiff from the casino
in the first instance, it cannot be determined at this stage in
the case whether the seizure of plaintiff continued to be
reasonable past that point.[9]  See Illinois v. Caballes, 543 U.S.
405, 407 (2005) (citing United States v. Jacobsen, 466 U.S. 109,
124 (1984) ("It is nevertheless clear that a seizure that is
lawful at its inception can violate the Fourth Amendment if its
manner of execution unreasonably infringes interests protected by
the Constitution.").  Consequently, defendants' motion to dismiss
plaintiff's unreasonable seizure claim based on qualified
immunity must be denied.[10]

---

[9]The Court also notes that it appears that even though it
may have been objectively reasonable for the officers to have
seized plaintiff and removed him from the casino, it could be
argued that the reason plaintiff was evicted from the casino--his
extreme intoxication--is the same reason why he should not have
been left at the bus station. Viewed in that light, plaintiff's
claims of unreasonable seizure and state-created danger could be
said to be alternative, albeit conflicting, causes of action.  Of
course it is proper at this stage to plead alternative theories
but the true gravamen of plaintiff's complaint may not be that he
was seized, but that once having been seized, the state became
his protector.  As we note in the body of the opinion, even in a
case in which qualified immunity may provide the defendants with
a complete or partial defense these issues are best resolved
after at least some discovery and not at the pleading stage.

[10]Defendants also argue that even if it was to be held that
they were unreasonable in their seizure of plaintiff, they are
entitled to qualified immunity because there was no clearly
established law that would have put them on notice that escorting

19

**B.    Motion for more definite statement**

In the event that their motion to dismiss is denied, defendants ask the Court to order plaintiff to file a more definite statement of his claims.  Federal Rules of Civil Procedure Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  This Rule is juxtaposed with Rule 8(a)(2), which is a liberal pleading standard, and only requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Further, there is no requirement for a heightened pleading standard in cases in which a defendant pleads qualified immunity.  Thomas v. Independence Tp., 463 F.3d 285, 294 (3d Cir. 2006).

Here, it is evident by defendants' detailed and lengthy motion to dismiss that plaintiff's complaint was sufficient to allow defendants to prepare a response.  Indeed, they are so aware of the facts and legal claims that they have moved to dismiss those claims while accepting all the allegations as true.

---

plaintiff from one public place to another public place was a violation of plaintiff's Fourth Amendment rights.  As with their argument concerning the constitutionality of their conduct under plaintiff's state-created danger claim, defendants do not support this argument with any basis in law.

20

Accordingly, it is axiomatic that plaintiff's complaint is not "so vague or ambiguous" that defendants could not prepare a proper response.  Consequently, the Court will not order plaintiff to prepare a more definite statement of his claims.

<u>**CONCLUSION**</u>

For the reasons expressed above, defendants' motion to dismiss plaintiff's state-created danger and unreasonable seizure claims is denied without prejudice to defendants' right to refile their motion, but it is granted as to plaintiff's equal protection claim.  Defendants' motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) is also denied.   An appropriate order will be entered.


Date: April 1, 2009                     s/ Noel L. Hillman

At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

21